Consolidated Cases 25272 and 25544. Good afternoon. Melissa Toohey appearing on behalf of Lawrence Boone. Today's argument will address point two of appellant's brief, and we will rest on our papers for the arguments set forth in point one of our brief. Point two will address the restitution order. We're arguing that the district court abused its discretion in determining Boone's relative role in the causal process that underlines the losses of eight of the victims of Mr. Boone's offenses. Boone is essentially the defendant described by the Supreme Court in Paroline as a person having a very minor role in contributing to the causal process underlying the victim's losses. And for that very minor role, the Supreme Court instructed the award should not be severe, while also not being nominal or token. Following the Paroline decision, Congress passed the Amy, Vicki, and Andy Child Pornography Victim Assistance Act of 2018, found in 18 United States Code 2259, where they amended the Paroline decision. They added subsection B to B, which added a $3,000 minimum, which seems best suited for the types of cases for Mr. Boone's case. It appears that the district court, many of the factors that the Paroline factors that the court did know or could assess was, again, lends credence to that argument. He did not produce these images, he didn't reproduce them, he didn't distribute them. As for the rest of the factors, as the district court noted about future offenders or the broader number of offenders involved, those factors are the number of images, and as pointed out in our brief, that can't really hold when you look at the disparities in the awards based upon the number of images. I would just also add, as to the number of images, it's really more of a sentencing factor regarding punishment. When reading the victim impact statements, the victims uniformly state that the harm that they suffer in this type of case is knowing that the images are out there and that they're being viewed. Upon reading these statements, they don't actually talk about the number of images or whether it's one image or two images. Or four images or a video. No, it doesn't, but my point being that that's not really an aggravating factor, because they're harmed whether it's one image or whether it's two videos, because of the statements that they are making is that knowing out there that the victim impact statement is out there and that they're viewing these images, honestly, what they would love is for it to all be taken down off the internet, but that can't happen. So their major fear is being recognized. And so the harm here is not really aggravated by the number of images, and the district court's reliance on that factor can't bear the weight when you look at the disparity in awards based upon the number of images. Some people who had, where he had less images, they received different awards from people for which he had more images or more videos. But wasn't the amount of the award, at least in some instances, driven by what the victims had asked for? That's correct, Your Honor, but the... So if a victim asked for more, was the judge not entitled to weigh that factor and give her more? Well, the court is to understand that taken what the request is, and then determine my client's relative role in the causal process. It's not to just adopt the request, there still has to be an undertaking of determining Mr. Boone's role in the harm and what award should issue. Does the court have any further questions? No, I'm fine, thank you. Well, I know that you've reserved some time for rebuttal. Good afternoon. May it please the Court, Thomas Sutcliffe on behalf of the United States. In the United States v. Paraline decision, the Supreme Court acknowledged that the task of assigning restitution awards to the victims of child pornography is a matter of the law. It is an inherently difficult one, and the reason for that is because these types of analyses do not lend themselves to easy mathematical calculation. Accordingly, the Supreme Court stated that district courts, quote, can only do their best to apply the statute as written in a workable manner. And they have, quote, wide discretion in determining how much restitution to award. And here the district court acted well within that wide discretion. First, the court engaged in a very thorough and detailed analysis. Even before the restitution hearing, the court issued a text order soliciting additional information from the government regarding restitution. At the hearing, it asked multiple clarifying questions of government counsel, it correctly stated the law, and it gave a detailed explanation for the 11 restitution awards that it ultimately imposed. Those restitution awards here were also reasonable as a substantive matter. The district court, in its analysis of the 11 videos depicting several of the victims, and the district court here determined that each one of those videos was the equivalent of 75 images. In support, the court analogized this to Application Note 6 of 2G2.2 of the Guidelines, and that was a perfectly reasonable analogy to draw. In fact, just last August, a panel of this court ---- How do you come up with the analogy with 75 images? Well, Your Honor, this is taken from an Application Note to 2G2.2. That is, of course, the guideline that determines an offense level for a child pornography possession offense. And what the guideline is doing is much the same what I think the court here was doing, which is trying to find some way to quantify a video which, by its very nature, constitutes multiple images strung together. Now, the district court wasn't required to make that analogy, but given the relative lack of guidance either from Paroline and from the district court, the court decided to make that analogy. And in support of that, the court appealed to the district court to approve the statute. That was a reasonable approach to take. And just last August, in the United States v. Schmidt decision, the court appealed a similar restitution award and also cited to Application Note 6 in support. And the number of images here is relevant to the causal analysis, because the more images that a defendant possesses of a victim, the more times and the more opportunities he has to view that victim in a highly degrading, highly humiliating moment. So it does speak to the defendant's proportional share of the harm that that particular victim suffered. Further, even for the victims of whom the defendant possessed only still images and not videos, the restitution award here was still reasonable. The government cites in its brief multiple circuit court decisions where the courts have appealed similarly sized restitution awards. In cases that have involved comparable number of images. So there's no indication here that the district court's award was so egregious or so outside the norm of what's typically imposed that it would qualify as an abuse of discretion under the circumstances. Your Honors, unless the court has any further questions, I would respectfully ask that the judgment of conviction be affirmed in its entirety. Thank you. Where is Mr. Silver from your office? Mr. Silver? I regret to inform the court that he passed away probably about two years ago now. It is a huge loss to our office, no question. As the government pointed out, these are difficult cases to quantify the harm. And Paroline did not certainly give the district courts that much help in doing so. But I believe Congress stepped in in 2018 to give some direction in cases such as this by setting the minimum at the $3,000 for people like Mr. Boone who have a minor role in the district court. He is a person who viewed abuse that was done at the hands of other people, that was documented and distributed on the Internet. He did not participate in that, and in the government's brief they talk about how the $3,000 is the floor but not the ceiling. And he is at the floor here. And with respect to what the government spoke about, about his ability to view the images and re-victimize for multiple viewings, there was no evidence put forward as to his interaction with the images or the videos in that nature. So basically, Your Honors, we're asking this court to follow the purpose of the statute and to follow Congress' direction in ordering $3,000 for the victims in this case based upon Mr. Boone's role in the offense. I'm sorry, what specifically are you asking for? Well, I'm asking, Your Honor, that the restitution awards above the $3,000 that are not justified by any aggravating factors, this should be remanded to the district court to correct the awards that are above those amounts. But precisely to do what? So if I'm the district court judge, what am I supposed to do with the remand? What are you asking for? I'm asking for this court to find that the awards that were over $3,000 were an abuse of discretion. Were excessive? Were excessive, yes. And that they should have been dropped down to $3,000? To the minimum, yes.